**Ricky Mitchell ANDERSON, Petitioner–Appellant,**

v.

**R. HICKMAN, Warden, Respondent– Appellee.**

No. 00–17263.

D.C. No. CV–99–04125–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Dec. 5, 2002.

Before D.W. NELSON, BEEZER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Ricky Mitchell Anderson appeals the dismissal of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He argues that the district court erred in finding the petition untimely under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.

After unsuccessfully appealing and seeking collateral relief from his conviction of second degree murder in the California state courts, Anderson petitioned for federal relief on December 13, 1994. On March 5, 1998, the district court dismissed Anderson's petition for failure to exhaust state remedies, with leave to amend. The district court dismissed Anderson's amended petition without prejudice on April 2, 1999 for failure to exhaust certain claims. Because Anderson was pro se and the district court failed to inform him that on the face of the complaint "he would be time-barred under AEDPA on all of his claims if he either failed to amend his petition[ ] or chose the option of dismissing [it] and returning to state court to exhaust the unexhausted claims," the district court's dismissal was in error. *Ford v. Hubbard,* 305 F.3d 875, 885 (9th Cir.2002). Although under the circumstances of this case, Anderson's claims may also have been equitably and/or statutorily tolled, we need not reach these issues in light of the district court's understandable failure to conform to the newly-stated requirements of *Ford.*

**REVERSED and REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.